IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO ANGEL CASTILLO and
JUAN JOSE LEON LOZA,

Petitioners,

v. Case No. 2:25-cv-01074-KG-JFR

MARY DE ANDRA YBARRA, et al.,

Respondents.

**ORDER**

On September 6, 2026, the Court granted Count I of Petitioner Antonio Angel Castillo's Class Action Complaint and Petition for Writ of Habeas Corpus, Doc. 1, ordered Petitioner released under the terms originally ordered by the Immigration Judge on August 28, 2025, and ordered Respondents to file a status report certifying the release of Petitioner within ten (10) business days. Doc. 35 at 2. The Court dismissed Petitioner Castillo's remaining claims. *Id.* On September 15, 2026, Respondents filed a status report stating that Petitioner was released from custody on September 14, 2026. Doc. 36. The Court denied Petitioner Juan Jose Leon Loza's claims as moot because he was granted voluntary departure and has since departed the United States. Doc. 35 at 2.

Petitioners' Complaint sought class action relief on behalf of those similarly situated. Doc. 1. However, Petitioners request for class certification has become moot. With respect to class-action litigation, a live controversy may exist "even though the claim of the named plaintiff has become moot." *Sosna v. Iowa*, 419 U.S. 393, 402 (1975). "[A]n action will not be held moot even though the named petitioner no longer has a stake in the outcome...when the case presents an issue capable of repetition, yet evading review." *Napier v. Gertrude*, 542 F.2d 825,

826 (10th Cir. 1976) (internal quotation marks and citation omitted). "[I]ssues under review are not moot if they (1) evade review because the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration, and (2) are capable of repetition, such that there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Robert v. Austin*, 72 F.4th 1160, 1164–65 (10th Cir. 2023) (internal quotation mark and citation omitted).

Here, Petitioners primarily challenge the lawfulness of mandatory detention under 8 U.S.C. § 1225(b)(2) as applied to resident noncitizens. Doc. 1 at 19–21. The Tenth Circuit has limited application of § 1225(b)(2) to the border and held that noncitizens residing in United States are subject to § 1226. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026). Thus, "there is no demonstrated possibility the statute in question will be enforced against" Petitioners again to demonstrate the need for class treatment. *Napier*, 542 F.2d at 826. Accordingly, the "intervening resolution of the controversy" justifies dismissal of the putative class action as moot. Moreover, Petitioners' claims concerning the speed in which the Board of Immigration Appeals resolves bond decision appeals suffers the same infirmity: there is no reasonable expectation that Petitioners will be subject to the bond appeal process again. *See* Doc. 1 at 20–22. Indeed, the Court's Order permits Respondents to redetain Petitioner Castillo so long as he is provided with a predetention hearing before a neutral Immigration Judge. Doc. 35 at 2. However, the Court is not persuaded that there is a reasonable expectation that Respondents will redetain Petitioner Castillo. Therefore, this case is moot.

For the reasons stated, the Court grants in part Respondents' Motion to Dismiss Class Action Complaint and Petition for Writ of Habeas Corpus, Doc. 21. Petitioners' class action complaint, Doc. 1, is dismissed in its entirety without prejudice.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.